IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ADAM T. WOOLUMS | * | NO. 04-3271 |
| Plaintiff, | * | |
| vs. | * | COMPLAINT |
| Ray Hawkins, David A. Mifflin, Robert Bruner, Joe Klein and Mike Zahn, as | * * | FILED DEC 1 6 2004 |
| TRUSTEES OF OPERATING ENGINEERS LOCAL NO. 965 | * * | JOHN M. ___, Clerk U.S. ___ COURT CENTRAL DIST. OF ILLINOIS |
| Defendants. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

The Plaintiff states:

1. The Plaintiff, at all material times, was a resident of Decatur, Illinois and a member of Operating Engineers Local No. 965 in Springfield, Illinois, which maintained insurance benefits under an employee health benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), has amended, 29 U.S.C. §1001 *et seq*.

2. The Defendants are Trustees of the above plan, responsible to administer the same, and pay out benefits when a plan beneficiary is injured in accordance with plan documents and as required by law.

3. This Court has original jurisdiction over this, and other ERISA disputes, pursuant to 29 U.S.C. § 1331.

4. On the 1st day of September, 2001, the Plaintiff was seriously injured, while driving a motor vehicle in an intoxicated condition, which resulted in permanent disability and

medical bills.

5. Following the injury, Plaintiff made a claim through the above plan for the medical bills he incurred and filed a claim for the benefits under the employee plan.

6. Defendants plan administrator, following an investigation of the cause of the Plaintiff's injury, initially denied the request for benefits under the plan, asserting benefits exclusion under the accidental death and dismemberment portion of the policy.

7. When Plaintiff established the exclusion was inapplicable, the plan administrator then asserted no recovery was allowed for self inflicted injury under the plan, but subsequently abandoned that defense as well. Finally, the plan administrator decided to deny benefits to the Plaintiff stating that the denial occurred because the Plaintiff was driving while intoxicated which constituted "an illegal occupation" and was thereby specifically denied benefits under the exclusion portion of the plan. A copy of said letter of denial is attached hereto as "Exhibit A" and made a part hereof.

8. Plaintiff promptly appealed the decision administratively, as required by the plan, and on the 11th day of June, 2003, Defendant's attorney, James P. Moody sent a letter acknowledging that Plaintiff had exhausted his administrative remedies as required under the plan documents.

9. Defendant's had no reasonable basis to deny plan benefits to Plaintiff.

10. Defendants breached their fiduciary duty to Plaintiff to provide him his benefits due under the plan in the following particulars:

    a. In failing to conduct an adequate, thorough investigation prior to determining that the claim was going to be denied;

    b. In failing to clearly state all circumstances which will result in denial of benefits

    in the plan as required by 29 U.S.C. § 1022 (b);

 c. In failing to use language, in the plan exclusions, concerning illegal activity that were written in a manner calculated to be understood by the average plan participant as required by 29 U.S.C. § 1022 (a) (1);

 d. In denying the benefits to Plaintiff on the basis that he was involved in an "illegal occupation" at the time of his injury when there is no factual or legal basis to support that conclusion;

 e. In failing to insert a specific "intoxication" exclusion into the plan if the intent was to deny medical benefits when injured while intoxicated as required by 29 U.S.C. § 1022 (b).

12. As a direct and proximate result of the breach of fiduciary duty of Defendants, Plaintiff has suffered, and will continue to suffer, damages caused by their failure to pay the health benefits as provided by the policy.

WHEREFORE, Plaintiff requests judgment against Defendant's as follows:

 a. Ordering Defendants to pay Plaintiff all health and other benefits due following his injury;

 b. Awarding Plaintiff pre-judgment interest from date of injury on the date benefits should have been paid until date of judgment;

 c. Ordering Defendants to pay Plaintiff's attorney fees, court costs and other reasonable costs incurred;

 d. Granting Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

SAMUELS, MILLER, SCHROEDER, JACKSON & SLY

By: _____
     Edward Q. Costa

3:04-cv-03271-JES-CHE    # 1    Page 4 of 4