E-FILED
Thursday, 25 May, 2006 02:33:24 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ADAM T. WOOLUMS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-3271 |
| | ) | |
| Ray Hawkins, David A. Mifflin, | ) | |
| Robert Brunner, Joe Klein and | ) | |
| Mike Zahn, as TRUSTEES OF | ) | |
| OPERATING ENGINEERS LOCAL 965 | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, RAY HAWKINS, *et al*, by and through their counsel, Cavanagh & O'Hara, and pursuant to Federal Rule of Civil Procedure 56 and C.D.IL-LR 7.1 move for summary judgment. In support of this motion, Defendants state the following:

**I. INTRODUCTION**

The Plaintiff asserts that the Trustees had no basis to deny his medical claims for injuries incurred by driving under the influence of cocaine because the plan did not have a specific exclusion titled "illegal activity." Plaintiff in short claims that the Summary Plan Description is inadequate or misleading. The Trustees considered all the documents submitted by the Plaintiff as a part of his appeal, including the legal arguments raised by his attorney. The Trustees construed the plan term "illegal occupation" to include both activities and vocation. The Trustees construed this term from its ordinary dictionary meaning. The Trustees interpretation of the plan was reasonable. The plan also has an exclusion for self-inflicted injuries. The Seventh Circuit specifically addressed this issue in *Sisters of the Third Order of St. Francis v. Swedishamerican Group Health Benefit Trust*, 901 F.2d 1369, 1372 (7th Cir. 1990). In this case,

the Court specifically said that injuries arising from the combination of liquor and motor cars are self-inflicted. Thus, Adam Woolums' medical claims are not covered under the plan.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. The Operating Engineers Local 965 Health Benefit Plan is a jointly trusteed employee benefit plan administered pursuant to the terms and provisions of the Trust Agreement creating the Fund and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and the Employee Retirement Income and Security Act of 1974 (ERISA), 29 U.S.C. §§1001 *et seq.* (See Complaint, paragraph 1 and Restated Agreement and Declaration of Trust of the Operating Engineers Local #965 Health Benefit Plan attached hereto and incorporated herein as **Exhibit A**).

2. Section 5.16 of the Restated Agreement and Declaration of Trust of the Operating Engineers Local #965 Health Benefit Plan (the "Trust") states in pertinent part as follows:

> Section 5.16  Construction and Determination by Trustees. Subject to the stated purposes of the Fund and the provisions of this Agreement, the Trustees shall have full and exclusive authority to determine all questions of coverage and eligibility, methods of providing or arranging for benefits and all related matters. They shall have full power to construe the provisions of this Agreement, the terms used herein and the by-laws and regulations issued thereunder. Any such determination and any such construction adopted by the Trustees in good faith shall be binding upon all parties hereto and the Beneficiaries hereof. No matter respecting the forgoing or any difference arising thereunder or any matter involved in or arising under this Trust Agreement shall be subject to the grievance or arbitration procedure established in any collective bargaining agreement between the Association and the Union, provided, however, that this clause shall not affect the rights and liabilities of any parties under any collective bargaining agreements.
>
> It is the intent of the drafters of this Trust document that the Trustees possess the discretion to determine eligibility for benefits and to construe the terms of the Trust and/or plan governing benefits. It is also the intent of the drafters of this Trust, by adopting the discretionary power specified above, that the discretion of the Trustees as to the granting or denial of benefits and the construing of terms of the Trust and benefit plan, are reviewed pursuant to an "arbitrary and capricious"

standard by a reviewing court, as enunciated by the United States Supreme Court in *Firestone Tire and Rubber Company, et al. v. Richard Bruch* . . . .

3. The Summary Plan Description (SPD) states in pertinent part as follows:

   Trustees Interpret The Plan
   Any interpretation of the Plan's provisions rests with the Board of Trustees. (See page 54 of the Operating Engineers Local 965 Health Benefit Plan Summary Plan Description attached hereto and incorporated herein as **Exhibit B**).

4. On September 1, 2001, Plaintiff was injured while driving a motor vehicle in an intoxicated condition. (See Complaint, paragraph 4).

5. On February 5, 2002, Adam Woolums pled guilty to driving under the influence of drugs in violation of state law, 625 ILCS 5/11-501. (See Macon County court records attached hereto and incorporated herein as **Exhibit C**).

6. A portion of the administrative record for Adam Woolums is attached hereto and incorporated herein as **Exhibit D**.

7. According to the Decatur Police Department's Follow Up Investigation Report, Adam Woolums failed to reduce speed to avoid an accident and was driving under the influence of intoxicating compounds. The medical report confirmed the presence of cocaine in Adam Woolums' blood and urine. (See Follow Up Investigation Report in **Exhibit D**).

8. Adam Woolums ingested cocaine at 4:00 a.m. on September 1, 2001 and was in a traffic accident around 6:00 a.m. that same morning. (See Follow Up Investigation Report in **Exhibit D**).

9. On June 28, 2002, the Fund denied Adam Woolums' medical claims on the basis that the injuries were self-inflicted and incurred while being engaged in an illegal occupation. (See June 28, 2002 letter attached hereto and incorporated herein as **Exhibit E**). The letter states

in pertinent part that "The information submitted by you indicates that a contributing cause of the accident was that you voluntarily drove a motor vehicle under the influence of alcohol and illegal substances. Any injuries sustained as a result of such voluntary acts are considered self-inflicted."

10. On August 23, 2002, Adam Woolums appealed the Fund's decision to deny benefits. (See **Exhibit F**).

11. The SPD states in pertinent part as follows:

The following exclusions and general limitations apply to all benefits provided by the Operating Engineers Local No. 965 Health Benefit Plan unless specifically waived or modified by a particular benefit section . . .

**Self-Inflicted Injury or Substance Abuse**
Payment will not be made for self-inflicted injury such as attempted suicide . . .

**Illegal Occupation or Commission of Felony**
The Trustees will not be liable for loss to which a contributing cause was the commission of or attempt to commit a felony by the person whose Accidental Bodily Injury or Sickness is the basis of claim, or to which a contributing cause was such person being engaged in an illegal occupation. (See pages 39 and 40 of SPD in **Exhibit B**).

12. The Merriam Webster's Collegiate Dictionary defines the word "occupation" as "an activity in which one engages" and the "principal business of ones life." (See **Exhibit G**).

13. The Merriam Webster's Collegiate Dictionary defines the term "substance abuse" as the "use of a drug without medical justification." (See **Exhibit H**).

14. As a matter of law, injuries arising from the combination of liquor and motor cars are self-inflicted. *Sisters of the Third Order of St. Francis v. Swedishamerican Group Health Benefit Trust*, 901 F.2d 1369, 1372 (7th Cir. 1990).

15. On February 3, 2003, the Board of Trustees denied Adams Woolums' appeal.

(See **Exhibit I**).

### III.  ARGUMENT

**A.    Standard of Review**

Summary judgment is proper when the pleadings and evidence on file show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).  When considering a motion for summary judgment, the Court must determine whether the facts in the record, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the non-moving party, shows any genuine issue of material fact.  Rule 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  When faced with a motion for summary judgment that meets this standard, the non-moving party must introduce specific facts showing that there is a genuine issue of material fact for trial.  *Id.* at 324.

Courts review an ERISA plan administrator's decision "under the de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits and construe the terms of the plan."  *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  When discretion is conferred, the exercise of that discretion is reviewed under the arbitrary and capricious standard.  *Exbom v. Central States, Southeast and Southwest Areas Health and Welfare Fund*, 900 F.2d 1138, 1142 (7th Cir. 1990) (citing *Egert v. Connecticut Gen. Life Ins. Co.*, 900 F.2d 1032, 1035 (7th Cir. 1990)).

**B.    De Novo v. Arbitrary and Capricious Standard**

The Trustees' decision to deny benefits to Adam Woolums should be reviewed under the arbitrary and capricious standard because the Trustees have discretionary authority to determine eligibility for benefits and construe the terms of the plan.  Section 5.16 of the Restated

5

Agreement and Declaration of Trust of the Operating Engineers Local #965 Health Benefit Plan states in pertinent part as follows:

> Section 5.16  <u>Construction and Determination by Trustees</u>.  Subject to the stated purposes of the Fund and the provisions of this Agreement, the Trustees shall have full and exclusive authority to determine all questions of coverage and eligibility, methods of providing or arranging for benefits and all related matters. They shall have full power to construe the provisions of this Agreement, the terms used herein and the by-laws and regulations issued thereunder. Any such determination and any such construction adopted by the Trustees in good faith shall be binding upon all parties hereto and the Beneficiaries hereof.  No matter respecting the forgoing or any difference arising thereunder or any matter involved in or arising under this Trust Agreement shall be subject to the grievance or arbitration procedure established in any collective bargaining agreement between the Association and the Union, provided, however, that this clause shall not affect the rights and liabilities of any parties under any collective bargaining agreements.
>
> It is the intent of the drafters of this Trust document that the Trustees possess the discretion to determine eligibility for benefits and to construe the terms of the Trust and/or plan governing benefits.  It is also the intent of the drafters of this Trust, by adopting the discretionary power specified above, that the discretion of the Trustees as to the granting or denial of benefits and the construing of terms of the Trust and benefit plan, are reviewed pursuant to an "arbitrary and capricious" standard by a reviewing court, as enunciated by the United States Supreme Court in *Firestone Tire and Rubber Company, et al. v. Richard Bruch* . . . . (See **Exhibit A**).

The SPD states that "[a]ny interpretation of the Plan's provisions rests with the Board of Trustees." (See page 54 of **Exhibit B**).  Clearly, the language of Trust and the SPD expressly grant the Trustees full and complete discretionary authority to determine the eligibility for benefits and construe the terms of the plan as required by *Firestone*.  The Trust specifically references the *Firestone* case and applicable standard.  The effect of the above language is to entrust the Trustees with the highest level of discretion in determining eligibility for benefits and construing the plan's terms.

    **C.**    **Appropriateness of the Trustees' Decision**

In *Exbom*, the United Stated Court of Appeals for the Seventh Circuit describe the

6

arbitrary and capricious standard as follows:

> The arbitrary and capricious standard holds that a trustee's decision shall not be overturned, absent special circumstances such as fraud or bad faith, if "it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome." *Exbom*, 900 F.2d 1138 at 1142-43 (7th Cir. 1990) (citing *Pokratz v. Jones Dairy Farm*, 771 F.2d 206, 209 (7th Cir.1985)).

Under the arbitrary and capricious standard, it is not the function of the court to decide whether it would reach the same conclusion as the Trustees or rely on the same authority. *MERS v. Marriott International Group Accidental Death and Dismemberment Plan*, 144 F.3d 1014, 1022 (7th Cir. 1998). The court will not set aside the Trustees' denial of benefits if the denial was based upon a reasonable interpretation of the plan document. *Id*. This standard requires the court to give great deference to the Plan's decision, which cannot be overturned unless it's downright unreasonable. *Dabertin v. HCR Manor Care, Inc.*, 373 F.3d 822, 827-29 [FN 5] (7th Cir. 2004). For an administrative decision to pass muster under this arbitrary and capricious test, the Plan has to "articulate a rational connection between the facts found, the issue to be decided, and the choice made." *Dabertin*, 373 F.3d at 828.

"When the administrators of a plan have discretionary authority to construe the plan, they have the discretion to determine the intended meaning of the plan's terms. *Morton v. Smith*, 91 F.3d 867, 871 [FN 1] (7th Cir. 1996). In making a deferential review of such determinations, courts have no occasion to employ the rule of *contra proferentem*. *Id*. Deferential review does not involve a construction of the terms of the plan" *Id*.

The Fund is a jointly Trusteed employee benefit plan administered pursuant to the terms and provisions of the Trust Agreement creating the Fund. (See **Exhibit A**). It is required to be maintained and administered in accordance with the provisions of the Labor Management

Relations Act of 1947, and ERISA, 29 U.S.C. §§1001 *et seq*. *Id.* On September 1, 2001, the Plaintiff was injured while driving a motor vehicle in an intoxicated condition. (See Complaint, paragraph 4). On June 28, 2002, the Fund denied Adam Woolums' medical claims on the basis that the injuries were self-inflicted and incurred while being engaged in an illegal occupation. (See June 28, 2002 letter attached hereto and incorporated herein as **Exhibit E**). The letter stated in pertinent part that "The information submitted by you indicates that a contributing cause of the accident was that you voluntarily drove a motor vehicle under the influence of alcohol and illegal substances. Any injuries sustained as a result of such voluntary acts are considered self-inflicted." On August 23, 2002, Adam Woolums appealed the denial of benefits decision to the Board of Trustees. (See **Exhibit G**).

The Trustees reviewed the administrative record of Adam Woolums which is included in **Exhibit D**. (See Affidavit of Mike Zahn attached hereto and incorporated herein as **Exhibit J**). The Trustees found that Adam Woolums ingested cocaine at 4:00 a.m. on September 1, 2001. (See Follow Up Investigation Report in **Exhibit D**). At or around 6:00 a.m. that morning, Adam Woolums was driving his vehicle in Decatur, Illinois when he veered off the road and hit a utility pole. *Id.* The Decatur Police Department issued citations to Adam Woolums for failing to reduce speed to avoid an accident and driving under the influence of intoxicating compounds. *Id.* The medical report confirmed the presence of cocaine in Adam Woolums' blood and urine. *Id.* On February 5, 2002, Adam Woolums pled guilty to driving under the influence of drugs in violation of state law, 625 ILCS 5/11-501. (See Macon County court records attached hereto and incorporated herein as **Exhibit C**).

The Trustees reviewed the language of the SPD which was the basis for the denial of

benefits. The SPD states in pertinent part as follows:

> The following exclusions and general limitations apply to all benefits provided by the Operating Engineers Local No. 965 Health Benefit Plan unless specifically waived or modified by a particular benefit section . . .
>
> **Self-Inflicted Injury or Substance Abuse**
> Payment will not be made for self-inflicted injury such as attempted suicide . . .
>
> **Illegal Occupation or Commission of Felony**
> The Trustees will not be liable for loss to which a contributing cause was the commission of or attempt to commit a felony by the person whose Accidental Bodily Injury or Sickness is the basis of claim, or to which a contributing cause was such person being engaged in an illegal occupation. (See pages 39 and 40 of SPD in **Exhibit B**).

The Trustees reviewed the Merriam Webster's Collegiate Dictionary for the ordinary meaning of the word "occupation." (See Affidavit of Mike Zahn, **Exhibit J**). Occupation is defined as 1) "an activity in which one engages" and 2) the "principal business of ones life." (See Affidavit of Mike Zahn, **Exhibit J** and **Exhibit G**). The activity in which one engages does not reference activities for money. (See **Exhibit G**). The Trustees reasoned that the word "occupation" and the word "activity" are synonyms. (See Affidavit of Mike Zahn, **Exhibit J**). They construed the SPD term "illegal occupation" to include activity of illegally driving under the influence of drugs. This is a reasonable interpretation of the plan.

The term "occupation" is <u>not</u> ambiguous. By its plain dictionary meaning it includes activities and vocation. There is no fraud or bad faith by the Trustees. The Trustees construed the term literally and applied such construction to the facts and circumstances of the appeal. There exist a rational connection between facts found, the Trustees construction of the term "occupation" and the Trustees' choice to deny benefits.

Even if a plan provision is ambiguous and susceptible to two reasonable interpretations,

9

choosing one of those two cannot be arbitrary and capricious. *Bekos v. Providence Health Plan*, 334 F.Supp.2d 1248, 1255 (D.Or. 2004)(citing *Celardo v. GNY Automobile Dealers Health and Welfare Trust*, 318 F.3d 142, 146 (2nd Cir. 2003). In Celardo, the court stated "[w]here both the trustees of [an ERISA plan] and a rejected applicant offer rational, though conflicting interpretations of plan provisions, the trustees' interpretation must be allowed to control."

Because the appeal claim was denied under the "illegal occupation" exclusion, the Trustees did not reach the "self-inflicted injuries" exclusion. As a matter of law, drunk driving is a self-inflicted injury. *Sisters of the Third Order of St. Francis v. Swedishamerican Group Health Benefit Trust*, 901 F.2d 1369, 1372 (7th Cir. 1990). In *Sisters of the Third Order of St. Francis,* the United State Court of Appeals for the Seventh Circuit stated in pertinent part that:

> Drunk driving is a serious crime, causing the deaths of more than 20,000 persons annually. Department of Health and Human Services, *Toward a National Plan to Combat Alcohol Abuse and Alcoholism* (1986). If Wright had injured someone other than himself, he would have had to pay up, for debts attributable to drunk driving may not be discharged in bankruptcy. 11 U.S.C. § 523(a)(9); *In re Pahule*, 849 F.2d 1056 (7th Cir. 1988). That he injured himself rather than a stranger is not a sufficient reason to disregard the language of the plan and shift the costs of his injury to someone else. **Injuries arising from the combination of liquor and motor cars are self-inflicted**, [emphasis added] and a health insurance plan (which the Trust is) need not draw down the assets contributed by the provident many to shift the cost of self-destructive behavior . . . Nothing in ERISA requires a plan to cover any particular injuries. A plan may conclude that people who face financial ruin as well as the pain caused by injuries are less likely to take to the road after drinking, so that those covered by the plan will on balance be better off as a result of the exclusion. There will be more drunk driving, and higher costs for coverage, if courts frustrate the efforts of welfare benefit plans to limit these benefits to the victims of misfortune.

Voluntarily ingesting cocaine is a self-destructive behavior. It only stands to reason that driving under the influence of drugs is also self-destructive. Driving under the influence of drugs is equivalent to the self-destructive behavior of driving under the influence of alcohol. 625 ILCS

10

5/11-501. Injuries arising from such behavior are an exclusion under the SPD.

The Trustees did not address the "substance abuse" exclusion in the plan. Adam Woolums' medical expenses are not covered by the plan in that such injuries involved substance abuse which is a plan exclusion. (See pages 39 of SPD in **Exhibit B**). The Merriam Webster's Collegiate Dictionary defines the term "substance abuse" as the "use of a drug without medical justification." (See **Exhibit H**). Clearly, Adam Woolums' ingestion of cocaine constitutes substance abuse and it is reasonable that the use of a drug such as cocaine contributed to Adam Woolums' injuries.

The Trustees' interpretations are consistent with the SPD read as a whole. The SPD contains a $5,000.00 accidental death and dismemberment benefit. (See pages A, 37 and 38 of SPD, **Exhibit B**). However, such benefit is not paid for a loss resulting directly or indirectly, wholly or partly from: "Alcohol, drug or substance abuse; self-destruction or injury and/or attempted self destruction or injury." The overall language of the SPD supports the Trustees' decision to deny Woolums' claims arising from illegal behavior.

**D.    The SPD Language (29 U.S.C. 1022)**

ERISA requires that the SPD be written in a manner calculated to be understood by the average plan participant, and be sufficiently accurate and comprehensive to reasonably apprize participants and beneficiaries of their rights and obligations under the plan. *MERS v. Marriott International Group Accidental Death and Dismemberment Plan*, 144 F.3d 1014, 1021 (7th Cir. 1998), 29 U.S.C. § 1022(a). Specifically, the SPD must list the circumstances which result in disqualification, ineligibility, denial, or loss of benefits. 29 U.S.C. § 1022(b). The law is clear in the Seventh Circuit that the SPD is not required to anticipate every possible idiosyncratic

11

contingency that might affect a particular participant or beneficiary.  *Lorenzen v. Employees Retirement Plan of the Sperry and Hutchinson Company, Inc.*, 896 F.2d 228, 236 (7th Cir. 1990). Otherwise, the SPD would be choked in detail and hopelessly confusing.  *Id*.

As stated above,  the plain dictionary meaning of the term "illegal occupation" is sufficient to put the participants and beneficiaries on notice that driving under the influence of drugs is a plan exclusion.  In addition, the plan contains other notable exclusions such as self-inflicted injuries or substance abuse; commission or attempted commission of a felony; alcohol, drug and substance abuse; and committing an assault.  The participants all know that driving under the influence of alcohol is illegal.  There is no need to add a specific intoxication exclusion to the plan as suggested by the Plaintiff.  Given the nature of Plaintiff's conduct, the plain meaning of the exclusions, and the Trustees' reasonable interpretation of the plan terms, it cannot be said that the Trustees' decision was arbitrary and capricious or that the plan was in violation of 29 U.S.C. § 1022.

### E. Duty to Investigate

ERISA's duty to investigate requires that fiduciaries review the data gathered, assess its significance and to supplement it where necessary.  *Wolin v. Smith Barney Inc.*, 83 F.3d 847, 851 (7th Cir. 1996).

The Trustees considered all the documents submitted by the Plaintiff in support of his appeal.  (See **Exhibit D**).  The Trustees also consulted legal counsel in connection with the arguments raised by Plaintiff's attorney during the appeal process. (See **Exhibit J**).  The Trustees discussed the appeal with its third party administrator, OBA Midwest, Ltd., responsible for paying claims.  *Id.*  The Plaintiff does not dispute the facts in this case.  Plaintiff only disputes the

Trustees' interpretation of the plan provisions. However, the Trustees' interpretation of the plan terms was reasonable.

## CONCLUSION

The Court should grant Defendants' summary judgment plus costs and other relief as the Court deems just and proper.

Respectfully submitted,
RAY HAWKINS, *et al.*,
Defendants,

By:    s/ James P. Moody
James P. Moody
CAVANAGH & O'HARE
407 East Adams Street
Post Office Box 5043
Springfield, IL 62705
Telephone: 217-544-1771
Facsimile: 217-544-9894
E-mail: jim@cavanagh-ohara.com

F:\files\OE965\Woolums\sumjudgment.wpd

## CERTIFICATE OF SERVICE

    I certify on May 25, 2006, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Edward Q. Costa
Samuels, Miller Schroeder, Jackson & Sly, LLP
225 North Water Street, Suite 301
P.O. Box 1400
Decatur, IL 62525

    s/ James P. Moody_____
**CAVANAGH & O'HARA**
407 East Adams Street
Post Office Box 5043
Springfield, IL 62705
Telephone: 217-544-1771
Facsimile: 217-544-9894
jim@cavanagh-ohara.com