E-FILED
Monday, 10 July, 2006   03:26:57 PM
Clerk, U.S. District Court, ILCD

EXHIBIT "L"

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ADAM T. WOOLUMS )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Ray Hawkins, David A. Mifflin, )<br>Robert Brunner, Joe Klein and )<br>Mike Zahn, as )<br>)<br>TRUSTEES OF OPERATING )<br>ENGINEERS LOCAL 965 )<br>)<br>Defendants. ) | Case No. 04-3271 |

**AFFIDAVIT IN OPPOSITION TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

DARRELL A. WOOLUMS, being first duly sworn on oath states that the facts set forth herein are made on the personal knowledge of affiant:

1. Affiant resides at 6564 W. Duroc Road, Maroa, Illinois and is the father of the plaintiff in this cause, ADAM T. WOOLUMS.

2. Plaintiff filed a claim for benefits with the defendant on October 15, 2001 which claim is the subject of this proceeding. The claim for benefits was administered by an entity known as OBA Midwest, Ltd. in Darien, Illinois and the employee of OBA Midwest, Ltd. who processed the claim was LISA FRASCO.

3. Benefits were initially paid on behalf of the plaintiff by IUOE 965 Health Benefit Plan but thereafter benefit payments were terminated for the reason set forth in the following paragraph.

-2-

4.      On or about March 1, 2002, the said LISA FRASCO left a voice message on Affiant's residential telephone answering machine (217-794-5294) and Affiant has retained the voice message on the tape. The verbatim transcript of the taped message is as follows:

> "This is Lisa Frasco, Mr. Darrell Woolums. You had wrote me a letter in regards to your son and you had stated that you know in regards to the police report and that's true what was sent to me was the actual police report which did not give all the details or the actual report of the officer it never does you get something that has to be ordered. So what you sent me is what we were looking for which is your traffic accident report. At which time <u>our billing or</u> our request states please send a traffic report and you said the closest thing you had was a traffic crash report, it's one in the same thing. Each state calls them something slightly different. In getting that, that also confirms, at the very bottom, of what Adam was charged with. And then in return of that, then going through the book as I have explained before to you, in the summary plan description, I see you that you took the time to read through your summary plan description of your health benefit plan but you're looking in the wrong area and what you quoted has really nothing to do with, it's correct, but it has no bearing on your son's accident at all, which it does not. Where you need to look is Page 38 and its limitations and we have to follow the guidelines in the book that started August of '95. That's PD Book. And it's states "Not more than the Full Benefit Amount will be paid if more than one of the*se* losses listed results from any one ***of these*** Accidents. Benefits are not payable for loss*es* resulting directly or indirectly, wholly or partly from:...Alcohol, drug or substance abuse." And if you have any further questions you can give me a call back and I will be glad to explain it in further detail. What I am going to do is I'm going to drop a copy of page 38 in the mail to you and um then if you have any additional questions you can give me a call back 630-960-3322 my extension is 232. Thank you."

5.      After receiving the voice message set forth in the preceding paragraph, affiant reviewed the summary plan description referred to in the message and noted that the limitation on page 38 of the summary plan description and referred to in the voice message read in part "Benefits are not payable for loss resulting directly or indirectly, wholly or partly from: 3. Alcohol, drug or substance abuse." This limitation applies only to accidental death and dismemberment benefits set forth on page 37 of the summary plan description.

-3-

6.    Affiant contacted the said LISA FRASCO by telephone after receiving the voice message described in paragraph 4 and pointed out that the limitation she was referring to applied only to death and dismemberment benefits but she persisted in stating that the limitation applied to medical benefits. The limitation for "illegal occupation or commission of a felony" set forth at page 40 of the summary plan description was not mentioned by the defendants as a basis for a denial of plaintiff's claim for medical benefits until after plaintiff appealed the denial of benefits by letter dated March 14, 2002 (see defendant's Exhibit D).

7.    Affiant was never interviewed by defendants or any representative of defendants regarding an investigation of plaintiff's claim for medical benefits. To affiant's knowledge, the only investigation of plaintiff's claim consisted of a request for and review of a traffic accident report.

/S/ Darrell A. Woolums
DARRELL A. WOOLUMS

Subscribed and sworn to before me this 6th day of July, 2006.

/S/ Maxine D. Coulter
Notary Public

Michael R. Mundt
Mundt, Franck & Schumacher, Attorney for Plaintiff
1231 Broadway, Suite 300
Denison, IA 51442
(712) 263-3159
(712) 263-4507 - fax