E-FILED
Monday, 24 July, 2006 04:06:51 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ADAM T. WOOLUMS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-3271 |
| | ) | |
| Ray Hawkins, David A. Mifflin, | ) | |
| Robert Brunner, Joe Klein and | ) | |
| Mike Zahn, as TRUSTEES OF | ) | |
| OPERATING ENGINEERS LOCAL 965 | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S
RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

NOW COME the Defendants, RAY HAWKINS, *et al*, by and through their counsel, Cavanagh & O'Hara, and pursuant to C.D.IL-LR 7.1, herein submit Defendants' Reply To Plaintiff's Response to Motion for Summary Judgment.

A.    REPLY TO ADDITIONAL MATERIAL FACTS

Material Undisputed Facts

8.    Fact No. 8 is material and undisputed in that Adam Woolums entered into a guilty plea for driving under the influence of drugs in violation of 625 ILCS 5/11-501. It is immaterial that he received court supervision. Most first offenders are offered court supervision.

Material and Disputed Facts

6.    Fact No. 6 is material and disputed. It is not clear what Plaintiff believes to be an investigation. The Trustees did not just review the traffic accident report and make a determination. The Trustees reviewed the administrative record (See Exhibit D to Motion for Summary Judgment), Summary Plan Description, Websters dictionary, legal brief submitted by

Darrell Woolums, and discussed the claim with OBA Midwest, and legal counsel. The administrative record includes such things as an Employee Statement, Illinois Traffic Crash Report, and Decatur Police Department Investigative Report. There is no dispute over the facts in this case. The dispute is over interpretation of the Summary Plan Description.

7.     Fact No. 7 is material and disputed. Darrell Woolums is an attorney and the father of Adam Woolums. As the record reflects, Darrell Woolums had numerous conversations with the Fund Office and has submitted numerous documents. (See Affidavit of Darrell Woolums, Exhibit K to Response) (See Exhibit F to Motion for Summary Judgment). As stated above, there has never been a dispute over the facts in this case. Adam Woolums admitted in his affidavit that he pled guilty to the charge of driving under the influence of drugs in violation of 625 ILCS 5/11-501. (See affidavit of Adam Woolums, Exhibit K to Response), (See Macon County Circuit Court records in Exhibit C to Motion for Summary Judgment).

9.     Fact No. 9 is material and disputed. On June 28, 2002, Adam Woolums was notified that his claim was denied. (See Exhibit E to Motion for Summary Judgment). The last paragraph of the letter states as follows:

> "If you have additional information which you wish to provide, we would be happy to consider it. In addition, if you are not satisfied with this action, you may appeal this benefit denial to the Board of Trustees . . . . The claims appeal procedures and SPD references are enclosed for your reference."

The SPD further states that the participant may request a hearing (See item number 4 on page 44 of the SPD, Exhibit B to Motion for Summary Judgment).

Immaterial Facts

1.     Fact No. 1 is immaterial. It is immaterial what entity or person processed the

benefit claim. The only issues in this case are whether the Trustees' decision to deny benefits was arbitrary and capricious, whether the claim was self-inflicted or constituted substance abuse under the terms of the Plan.

2. Fact No. 2 is immaterial. It is immaterial that OBA Midwest telephoned Adam Woolums to discuss his benefit claim. This is a normal course of business. The only issues in this case are whether the Trustees' decision to deny benefits was arbitrary and capricious, whether the claim was self-inflicted or constituted substance abuse under the terms of the Plan.

3. Fact No. 3 is immaterial. It is immaterial that Darrell Woolums discussed the benefit claim with Lisa Frasco. This is a normal course of business. The only issues in this case are whether the Trustees' decision to deny benefits was arbitrary and capricious, whether the claim was self-inflicted or constituted substance abuse under the terms of the Plan.

4. Fact No. 4 is immaterial and disputed. Again, it is immaterial that Darrell Woolums discussed the benefit claim with Lisa Frasco. Defendants have no evidence that such a conversation took place or that Lisa Frasco "refused to reconsider her position." The claim was denied in writing on June 28, 2002 for "[s]elf-inflicted injuries (See SPD dated August 1995, page 39); or Injuries for which a contributing cause was such person being engaged in an illegal occupation (see SPD dated August 1995, page 40). Occupation is an activity in which one engages". The Denial of Claims letter was included as Exhibit E to Defendant's Motion for Summary Judgment.

5. Fact No. 5 is immaterial. It is immaterial that Darrell Woolums had informal discussions with Lisa Frasco. The claim was not denied until June 28, 2002 for "[s]elf-inflicted injuries (See SPD dated August 1995, page 39); or Injuries for which a contributing cause was

such person being engaged in an illegal occupation (see SPD dated August 1995, page 40). Occupation is an activity in which one engages". (See Exhibit E to Motion for Summary Judgment).

8.     Fact No. 8 is immaterial. It is immaterial that Adam Woolums received court supervision as a part of his guilty plea for driving under the influence of drugs in violation of 625 ILCS 5/11-501. Most first offenders are offered court supervision.

B.     ARGUMENT

Plaintiff contends that the Defendants did not comply with the Local Rules for the Central District pertaining to summary judgment because Defendants did not file a separate document entitled "Statement of Undisputed Facts" or file a Memorandum of Law. The Plaintiff is apparently following outdated Local Rules. Summary judgment pleading are governed by Local Rule 7.1(D)(1) which outlines the format and section headings for a summary judgment motion. It does not require a separate document entitled "Statement of Undisputed Facts" or a Memorandum of Law.

Plaintiffs Response to Defendants' Motion for Summary Judgment, however, is not in compliance with the Local Rule 7.1(D). Rather than follow the Local Rules, the Plaintiff filed documents not referenced in the Local Rules (Plaintiff's Resistance to Defendants' Motion for Summary Judgment, Response to Statement of Undisputed Facts, Statement of Additional Undisputed Facts, and Memorandum of Law). For these reasons, the Court should strike Plaintiff's Response to Defendants' Motion for Summary Judgment. Local Rule 7.1(D) and *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994).

The Plaintiff has misstated the appropriate standard of review. The appropriate standard

of review in this case is the arbitrary and capricious standard and <u>not</u> the abuse of discretion standard. When discretion is conferred, the exercise of that discretion is reviewed under the arbitrary and capricious standard. *Exbom v. Central States, Southeast and Southwest Areas Health and Welfare Fund*, 900 F.2d 1138, 1142 (7th Cir. 1990) (citing *Egert v. Connecticut Gen. Life Ins. Co.*, 900 F.2d 1032, 1035 (7th Cir. 1990)). As argued in Defendants' Motion for Summary Judgment, there is no doubt that the Trustees have the highest level of discretion in determining eligibility and construing the terms of the Plan. (See Motion for Summary Judgment, pages 5 and 6).

In *Exbom*, the United States Court of Appeals for the Seventh Circuit describe the arbitrary and capricious standard as follows:

> The arbitrary and capricious standard holds that a trustee's decision shall not be overturned, absent special circumstances such as fraud or bad faith, if "it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome." *Exbom*, 900 F.2d 1138 at 1142-43 (7th Cir. 1990) (citing *Pokratz v. Jones Dairy Farm*, 771 F.2d 206, 209 (7th Cir.1985)).

The Plaintiff is asking the Court to construe the terms of the Plan. However, under the arbitrary and capricious standard, it is not the function of the court to decide whether it would reach the same conclusion as the Trustees or rely on the same authority. *MERS v. Marriott International Group Accidental Death and Dismemberment Plan*, 144 F.3d 1014, 1022 (7th Cir. 1998). This standard requires the court to give great deference to the Plan's decision, which cannot be overturned unless it's downright unreasonable. *Dabertin v. HCR Manor Care, Inc.*, 373 F.3d 822, 827-29 [FN 5] (7th Cir. 2004).

"When the administrators of a plan have discretionary authority to construe the plan, they have the discretion to determine the intended meaning of the plan's terms. *Morton v. Smith*, 91

F.3d 867, 871 [FN 1] (7th Cir. 1996). In making a deferential review of such determinations, courts have no occasion to employ the rule of *contra proferentem*. *Id*. Deferential review does not involve a construction of the terms of the plan" *Id*. Even if a plan provision is ambiguous and susceptible to two reasonable interpretations, choosing one of those two cannot be arbitrary and capricious. *Bekos v. Providence Health Plan*, 334 F.Supp.2d 1248, 1255 (D.Or. 2004)(citing *Celardo v. GNY Automobile Dealers Health and Welfare Trust*, 318 F.3d 142, 146 (2nd Cir. 2003). In Celardo, the court stated "[w]here both the trustees of [an ERISA plan] and a rejected applicant offer rational, though conflicting interpretations of plan provisions, the trustees' interpretation must be allowed to control."

The Plaintiff attempts to confuse the Court by raising a "what if" and the hypothetical jaywalker scenario. What if the Plan had an "illegal acts" exclusion? What if a jaywalker was hit by an automobile? These "what if" games are not relevant to the analysis. This case involves a DUI and cocaine - not a jaywalker.

Deferential review does not involve a construction of the terms of the plan. The arbitrary and capricious standard holds that a trustee's decision shall not be overturned, absent special circumstances such as fraud or bad faith.

The Trustees are ordinary people. They interpreted the term "illegal occupation" based on its ordinary meaning as contained in an ordinary dictionary used by ordinary people. Such interpretation surely cannot be said to be arbitrary and capricious.

The Trustees decided to deny Plaintiff's claim based upon the "illegal occupation" exclusion. The Plan also has exclusions for self-inflicted injuries and injuries arising from substance abuse. The record is clear that the Plaintiff was injured while under the influence of

drugs, namely cocaine.  He pled guilty to driving a motor vehicle while under the influence of drugs in violation of 625 ILCS 5/11-501.  He admitted as much in his affidavit to this Court.  It is immaterial that he received court supervision as a part of the plea.  Most people receive court supervision for their first DUI.  This is the standard practice in most counties in Illinois.  Such injuries are self-inflicted as a matter of law.  <u>Sisters of the Third Order of St. Francis v. Swedishamerican Group Health Benefit Trust</u>, 901 F.2d 1369, 1372 (7th Cir. 1990).  In <u>Morton v. Smith</u>, 91 F.3d 867, 871 (7th Cir. 1996), the Court held that a broken leg suffered when the participant jumped from a bar eight feet to the ground was an intentionally self-inflicted injury.  Whether or not Adams Woolums intended to injure himself is irrelevant.  In cases involving injuries and the voluntary ingestion of alcohol and or drugs, such injuries are considered self-inflicted.  A Plan exclusion.

Further, the record is clear that the ingestion of cocaine by Adam Woolums was substance abuse.  Adam Woolums provided no justification in support of his use of cocaine.  The Court should not require the Plan to pay Plaintiff's self-inflicted/substance abuse injuries which are expressly excluded under the terms of the Plan.  Plaintiff feels that these defenses cannot be raised because they were not considered by the Trustees during the appeal.  These defenses were valid at the time of the appeal and are valid now.  There are no issues of law or facts that Woolums' injuries incurred while under the influence of cocaine were self-inflicted injuries and substance abuse which are not covered injuries under the Plan.

Finally, on June 28, 2002, Adam Woolums was notified that his claim was denied for "illegal occupation" and "self-inflicted injuries".  (See Exhibit E to Motion for Summary Judgment).  The last paragraph of the letter states as follows:

7

> "If you have additional information which you wish to provide, we would be happy to consider it. In addition, if you are not satisfied with this action, you may appeal this benefit denial to the Board of Trustees . . . . The claims appeal procedures and SPD references are enclosed for your reference."

The SPD further states that the participant may request a hearing (See item number 4 on page 44 of the SPD, Exhibit B to Motion for Summary Judgment). The Plaintiff had ample opportunity to present additional evidence and appear before the Board of Trustees. The Trustees reviewed the entire administrative record which included legal briefs submitted by attorney Darrell Woolums. The Trustees relied on the administrative record and denied the claim. The Trustees are not required to hold a trial for every appeal. The Trustees may rely on the administrative record and hearsay contained in the police report to decide an appeal. In his Response to Motion for Summary Judgment, Plaintiff for the first time attempts to raise factual issues with respect to his appeal. However, there has never been a factual dispute in this case. Adam Woolums admits to pleading guilty to DUI. The dispute is only with the Trustees' interpretation of the Plan terms.

C.   CONCLUSION

The Court should grant Defendants' Joint Motion for Summary Judgment.

Respectfully submitted,
RAY HAWKINS, *et al.*,
Defendants,

By:   s/ James P. Moody
James P. Moody
CAVANAGH & O'HARE
407 East Adams Street
Post Office Box 5043
Springfield, IL 62705
Telephone: 217-544-1771
Facsimile: 217-544-9894
E-mail: jim@cavanagh-ohara.com

**CERTIFICATE OF SERVICE**

      I certify on July 24, 2006, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael R. Mundt
Mundt, Frank & Schumacker
1231 Broadway, Suite 300
Denison, IA 51442

Edward Q. Costa
Samuels, Miller Schroeder, Jackson & Sly, LLP
225 North Water Street, Suite 301
P.O. Box 1400
Decatur, IL 62525

                              s/ James P. Moody_____
                              **CAVANAGH & O'HARA**
                              407 East Adams Street
                              Post Office Box 5043
                              Springfield, IL 62705
                              Telephone: 217-544-1771
                              Facsimile: 217-544-9894
                              jim@cavanagh-ohara.com

F:\files\OE965\Woolums\reply.rtf