IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ADAM T. WOOLUMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  04-3271 |
| | ) | |
| RAY HAWKINS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on the Defendants' Joint Motion for Summary Judgment (d/e 9) (Summary Judgment Motion). Plaintiff Adam Woolums suffered injuries in an automobile accident. Woolums was driving the vehicle while intoxicated at the time of the accident. Woolums sought medical benefits from the Operating Engineers Local 965 Health Benefit Plan (Plan). The Plan is an ERISA qualified plan. Defendants Ray Hawkins, David Mifflin, Robert Bruner, Joe Klein and Mike Zahn are the Trustees of the Plan (Trustees). The Plan Administrator denied Woolums' claim because it determined that driving while intoxicated was an illegal occupation and because the injuries were self-inflicted. The Plan excluded

payment of benefits for injuries arising from an illegal occupation and for self-inflicted injuries. On review, the Defendants decided that driving while intoxicated was an illegal occupation, but they did not consider whether the injuries were self-inflicted.

The Court notified the parties that it intended to consider whether summary judgment should be entered in favor of Woolums and gave the parties the opportunity to file any additional materials. <u>Text Order entered August 18, 2006</u>. For the reasons set forth below, the Court has determined that the Trustees' actions were arbitrary and capricious when they decided that driving while intoxicated was an illegal occupation. The Court enters judgment in favor of Woolums on this issue. The Trustees, however, never considered whether Woolums' claim was excluded because his injuries were self-inflicted. The Court, therefore, remands the case to the Plan for a review by the Trustees of the Plan for a determination whether Woolums' injuries were self-inflicted.

## STATEMENT OF FACTS

On September 1, 2001, Woolums was seriously injured while driving a motor vehicle while intoxicated. He has been permanently disabled as a result of this accident. Woolums was entitled to medical benefits under the

Plan. The Plan is an ERISA qualified plan. Woolums submitted his medical bills to the Plan for payment. On June 28, 2002, a representative of the Plan, Lisa Frasco, sent Woolums a letter which stated, in part:

> After a careful review of the information that you provided to this office, the claims related to the traffic accident on September 1, 2001 have been denied. The Summary Plan Description (SPD) states in pertinent part that benefits will not be paid for the following injuries:
>
> 1. Self-inflicted injuries (See SPD dated August 1995, page 39); or
>
> 2. Injuries for which a contributing cause was such person's being engaged in an illegal occupation (See SPD dated August 1995, page 40). Occupation is an activity in which one engages.
>
> The information submitted by you indicates that a contributing cause of the accident was that you voluntarily drove a motor vehicle while under the influence of alcohol and illegal substances. Any injuries sustained as a result of such voluntary acts are considered self-inflicted.

Summary Judgment Motion, Exhibit E. The SPD stated:

> The following exclusions and general limitations apply to all benefits provided by the Operating Engineers Local No. 965 Health Benefit Plan unless specifically waived or modified by a particular benefit section.
>
> . . . .
>
> **Self-Inflicted Injury or Substance Abuse**
> Payment will not be made for self-inflicted injury . . . .

3

> **Illegal Occupation or Commission of Felony**
> The Trustees will not be liable for loss . . . to which a contributing cause was such person's being engaged in an illegal occupation.

Summary Judgement Motion, Exhibit B, SPD at 39-40.

Woolums appealed the denial of benefits to the Trustees. The Trustees hear all appeals of denial of benefits. The Plan documents gave the Trustees complete discretion to interpret the Plan. The Trustees' decisions on these issues were final. Summary Judgment Motion, Statement of Undisputed Facts, ¶¶ 2-3, and Exhibit B, Restated Agreement and Declaration of Trust of the Operating Engineers Local #965 Health Benefit Plan, § 5.16.[1]

The Trustees reviewed the materials in Woolums' file and decided that Woolums was driving under the influence of alcohol and cocaine when he drove his car into a utility pole.[2] Summary Judgment Motion, Exhibit J, Affidavit of Mike Zahn, ¶ 3.[3] The Trustees reviewed Merriam Webster's

---

[1] Woolums admitted that these statement of facts were undisputed. Plaintiff's Response to Statement of Undisputed Facts (d/e 12), ¶ 1.

[2] There is no indication that the Plan ever considered whether possession of cocaine was a felony. The Court does not address this issue.

[3] The Defendants submitted a number of documents regarding this matter. Woolums objected to most of them because the Defendants did not include affidavits or other means to lay a proper foundation for their admissibility. See Plaintiff's Response to Statement of Undisputed Facts, ¶¶ 3-6. Woolums is correct, and the Court

4

Collegiate Dictionary (Dictionary) for a definition of "occupation." Id., ¶ 5. The Dictionary defined "occupation" alternatively as (1) "an activity in which one engages" and (2) the "principal business of one's life." Id. The Trustees decided, based on the first definition, that: (1) "activity" and "occupation" were synonymous; (2) driving under the influence of alcohol and cocaine is an illegal activity; and, therefore, (3) driving under the influence of alcohol and cocaine is an illegal occupation. Id., ¶¶ 6-7. The Trustees denied Woolums' claim on this basis. The Trustees did not consider whether Woolums' injuries were self-inflicted. Woolums now brings this action to challenge the Trustees' decision.

## ANALYSIS

At summary judgment, the Trustees must present evidence that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The Court must consider the evidence presented in the light most favorable to Woolums. Any doubt as to the existence of a genuine issue for trial must be resolved against the Trustees. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

---

did not consider these documents. Fed. R. Civ. P. 56(e). Woolums, however, did not object to the June 28, 2002, letter or the Zahn Affidavit. Plaintiff's Response to Statement of Undisputed Facts, ¶¶ 7, 9.

Once the Trustees have met their burden, Woolums must present evidence to show that issues of fact remain with respect to an issue essential to his case, and on which he will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In this case, the issue is the validity of the Trustees' decision to deny benefits under the Plan. Courts review decisions of ERISA plan fiduciaries under a de novo standard "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). When, as here, the administrator or fiduciary has authority under the Plan to exercise discretion, the exercise of that discretion is reviewed under an arbitrary and capricious standard. Exbom v. Central States, Southeast and Southwest Areas Health and Welfare Fund, 900 F.2d 1138, 1142 (7th Cir. 1990). Under this standard, a fiduciary's decision will not be overturned if it was made in good faith and there was a reasonable explanation for the decision. Id. at 1142-43.

Fiduciaries and administrators are to construe ERISA qualified plans under federal common-law rules of contract interpretation. Brewer v.

Protexall, Inc., 50 F.3d 453, 457 (7th Cir. 1995). Those rules require trustees to construe ambiguous terms strictly in favor of beneficiaries, such as Woolums. Fiduciaries violate the arbitrary and capricious standard if they ignore these principles of construction. "[E]ven if an administrator has discretion to construe the terms of the plan, the administrator can abuse its discretion by failing to apply the rule that ambiguities must be resolved in favor of the insured." Id., n. 8.

In this case, the term "illegal occupation" was ambiguous. The Plan did not define the term. The Trustees sought guidance from the Dictionary to decide the meaning of "occupation." The Dictionary offered two possible definitions, an activity or one's business. The former would exclude coverage here because driving under the influence was an illegal activity; the latter definition would not exclude coverage because Woolums' driving was not a business endeavor. The Trustees did not follow the principle of construing the ambiguity in favor of the insured. As such, their decision was arbitrary and capricious.

The Trustees, however, did not consider whether Woolums' injuries were self-inflicted. The Trustees are correct that the Seventh Circuit has indicated in dicta that a driver's injuries are self-inflicted if he injures

7

himself while driving under the influence. Sisters of the Third Order of St. Francis vs. SwedishAmerican Group Health Ben. Trust, 901 F.2d 1369, 1372 (7th Cir. 1990). The Trustees, however, are the individuals authorized under the Plan to consider this issue in the first instance. Since the Trustees did not consider whether Woolums' injuries were self-inflicted, the proper procedure is to remand the case to the Plan so that the Trustees can consider this issue before any judicial review. Hackett v. Xerox Corp. Long-Term Disability Income Plan, 315 F.3d 771, 776 (7th Cir. 2003).

THEREFORE, the Defendants' Joint Motion for Summary Judgment (d/e 9) is DENIED. The Court, rather, enters judgment in favor of Plaintiff Adams Woolums and against Defendants Ray Hawkins, David Mifflin, Robert Bruner, Joe Klein and Mike Zahn as the Trustees of the Plan with respect to the Defendants' decision that Woolums' claim should be denied because he engaged in an illegal occupation. This decision was arbitrary and capricious. The Court remands the matter to the Plan for further proceedings, consistent with this Opinion, to determine whether Woolums' injuries were self-inflicted.

IT IS THEREFORE SO ORDERED.

ENTER: September 8, 2006.

FOR THE COURT:

                                             s/ Jeanne E. Scott  
                                             JEANNE E. SCOTT  
                                UNITED STATES DISTRICT JUDGE